UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYNISHA REFF, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>Defendant. | Case No. 2:19-CV-01358-KJD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE:  EMERGENCY MOTION FOR CONTEMPT (ECF NO. 1) AND COUNTER MOTION TO QUASH OR MODIFY SUBPOENAS (ECF NO. 5)** |

This matter came on for hearing on February 6, 2020. The Court and parties discussed issues pertaining to the underlying case pending in the U.S. District Court for the Eastern District of Louisiana, Civil Action No. 18-8350 (the "Louisiana Action"), which prompted the filings in this Court. The Court and the parties further discussed the stay issued in and the administrative closure of the Louisiana Action based on an ongoing federal, criminal investigation. This Report and Recommendation follows.

**I.    BACKGROUND**

The above captioned matter was initiated by Defendants Ace American Insurance Company, Jackie Brown, and Werner Enterprises, Inc. (collectively "Defendants") on August 5, 2019, with the filing of an Emergency Motion for Contempt Against [Interested Party] Medport LA, LLC, for Failure to Respond to Subpoenas and to Compel Production of Documents or, in the Alternative, Motion to Transfer Enforcement of the Subpoenas. ECF No. 1. In addition to the Response to the Emergency Motion, Interested Party Medport LA, LLC ("Medport") filed a Countermotion to Quash or Modify Subpoenas (ECF Nos. 4 and 5). The Court heard the Emergency Motion for Contempt/to Compel, and Countermotion to Quash, on August 12, 2019. The Court issued an Order (ECF No. 7) denying the Motions for Contempt and to Transfer Enforcement, granting, in part, the Motion to Compel by ordering Interested Party Medport to produce documents under seal within five business days to the U.S. District Court for the Eastern District of Louisiana in which the underlying case was

then pending and, effectively, granting in part and denying in part the Motion to Quash or Modify Subpoenas. The Court further directed Defendants to promptly move to view the documents filed under seal with the Eastern District of Louisiana in a manner consistent with that court's rules.

On August 23, 2019, Medport filed an Emergency Motion to Stay the Court's August 12, 2019 Order, which included a request to stay the time to file an objection to the Court's August 12, 2019 Order. ECF No. 9. At the same time, Medport filed an Emergency Motion for Clarification in Light of Stay in the Louisiana Action, which was intended to apply to all proceedings relating in any way to the civil action pending in the Louisiana federal court. ECF No. 10. Medport attached to its Motions to Stay and for Clarification the August 16, 2019 U.S. District Court in the Eastern District of Louisiana Order. ECF Nos. 9 and 10, Ex. 1-A. There was no opposition to Medport's Emergency Motion to Stay the Case. On August 26, 2019, the Court granted the Motion to Stay. ECF No. 14.

On February 6, 2020, the Court held a status conference to discuss the basis for the stay issued in the Louisiana Action and the progress of the criminal investigation that prompted that stay. The parties agreed that the federal criminal investigation could continue for quite some time resulting in the instant matter remaining stayed for an unknown duration. The parties also discussed the "administrative closure" of the Louisiana Action. ECF No. 9, Ex. 1-A at 4. The parties then agreed that dismissal of the instant case, preserving all rights of all parties, is appropriate.

## II.     REPORT AND RECOMMENDATION

Based on the foregoing, and the February 6, 2020 discussion in open court, IT IS HEREBY RECOMMENDED that:

1. The stay entered on August 26, 2019 be lifted;

2. Defendants' Emergency Motion for Contempt (ECF No. 1) be denied without prejudice;

3. Interested Party Medport LA, LLC's Countermotion to Quash or Modify Subpoenas (ECF No. 5) be granted such that Medport has no present duty to respond to pending subpoenas, provided; however, that Medport shall continue to preserve all documents sought through the subpoenas prompting the Countermotion to Quash;

2

4. The matter be closed, without prejudice, based on the ongoing stay and administrative closure of the Louisiana Action;

5. The parties' rights to object to the Court's August 12, 2019 Order denying the Motion for Contempt or to Transfer Enforcement (ECF No. 1), granting in part and denying in part the Motion to Compel (*id.*), and granting in part and denying in part the Motion to Quash (ECF No. 5), as summarized above, be preserved; and

6. Upon the lifting of the stay of all proceedings in Case No. 18-8350, issued by the U.S. District Court for the Eastern District of Louisiana, the parties may: (a) initiate new proceedings in this Court; (b) refile any motion pending at the time this matter is closed by adding a new caption page incorporating the previously filed motion; and (c) similarly refile any pending Responses and Replies. Objections, if any, to the August 12, 2019 Order may be filed and shall be due within 30 days of the initiation of new proceedings in this Court. In addition to electronic service through the Court's CM/ECF system, service of documents and any <u>reissued</u> subpoenas are to occur through service on opposing counsel. Personal service of reissued subpoenas shall not be required.

DATED: February 10, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE